DAVID L. ADAMS,                     )
                                    )
        Plaintiff/Appellee,         )           Appeal No.
                                    )           01-A-01-9606-CH-00281
v.                                  )
                                    )           Maury Chancery
NANCY W. ADAMS,                     )           No. 94-457
                                    )
        Defendant/Appellant.        )

FILED

January 8, 1997

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CHANCERY COURT FOR MAURY COUNTY

AT COLUMBIA, TENNESSEE

THE HONORABLE JAMES L. WEATHERFORD, CHANCELLOR

GLENN COX
P. O. Box 1121
Columbia, Tennessee 38402-1121
        ATTORNEY FOR PLAINTIFF/APPELLEE


R. E. LEE DAVIES
Hartzog, Silva & Davies
123 Fifth Avenue North
P. O. Box 664
Franklin, Tennessee 37065-0664
        ATTORNEY FOR DEFENDANT/APPELLANT

REVERSED IN PART,
AFFIRMED IN PART,
AND REMANDED

SAMUEL L. LEWIS, JUDGE

This is an appeal by defendant/appellant, Nancy W. Adams ("Wife"), from a judgment of the chancery court granting Wife and plaintiff/appellee, David L. Adams ("Husband"), a divorce. Wife claims that the trial court erred in calculating the amount of child support and the amount of rehabilitative alimony and attorney's fees awarded to Wife.

Husband and Wife married in September 1982. They moved to Lewisburg, Tennessee in 1984. Wife had been married previously and had two children from the marriage. The parties also had two children, Lane and Ryan, during their marriage. At the time of the divorce, Lane was ten years old and Ryan was eight years old. All four children lived with the parties during the marriage.

Wife is forty-one years old and has a high school diploma. Prior to their move, Wife worked as a legal secretary and earned approximately $16,000.00 a year. After moving, Wife worked as a homemaker, and Husband worked as an associate in a law firm. In 1988, Husband began a private practice and Wife worked as his secretary. In 1989, Wife began working part time as the music director for a church. Later, in 1993, Wife took a job as a teacher's aide at the local middle school. At the time of the divorce, Wife was an administrative assistant at the school and maintained her part-time position as music director. In 1994, Wife earned $7,950.00. Wife claimed that her expenses exceeded her income by approximately $1,800.00 a month. At trial, Wife expressed her desire to obtain her educational decree so she could teach school.

Husband has continued to work as a sole practitioner since 1988. Husband's tax returns revealed that his income after expenses and before taxes for the past seven years was as follows:

| | |
|---|---|
| $30,103.88 in 1988 | $ 55,824.00 in 1992 |
| $79,449.00 in 1989 | $ 52,008.00 in 1993 |
| $47,379.71 in 1990 | $134,300.00 in 1994 |
| $96,669.00 in 1991 | |

[1]Court of Appeals Rule 10(b):

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

Husband claimed that his large income in 1994 was due to two contingency fee cases. He also estimated he would make approximately $38,000.00 in 1995.

Husband filed a complaint for divorce on 22 July 1994. Husband alleged that the parties had irreconcilable differences and requested joint custody of the parties' two minor children. Wife filed an answer and a counter-complaint. Wife admitted that there were irreconcilable differences and alleged that Husband was guilty of inappropriate marital conduct. Wife asked the court to grant her an absolute divorce and to award her custody of the children. Wife also asked for child support and alimony pendente lite. In his answer, Husband denied he was guilty of inappropriate marital conduct. On 13 September 1994, Husband filed a voluntary dismissal. Thereafter, the court entered an order dismissing the complaint on 14 September. As to Wife's request for pendente lite support, the court ordered Husband to pay $834.00 in child support and $400.00 in alimony every month. The court also required Husband to make other payments including $1,500.00 to Wife for her attorney's fees.

The court entered a final decree of divorce on 25 September 1995. The court approved the parties' stipulation that Husband's inappropriate marital conduct entitled Wife to a divorce. The court awarded the parties joint custody of their children, but granted Wife primary custodial care. The court found that Husband's gross monthly income was $4,600.00. Based on this number, the court awarded child support of $1,060.00 per month for both children. As additional child support, the court ordered Husband to provide medical insurance for the children and to pay any medical costs not covered by insurance. As to alimony, the court ordered Husband to pay rehabilitative alimony of $500.00 per month for three years. In addition, the court ordered Husband to pay Wife $3,000.00 for her attorney's fees. The decree also included the court's ruling as to visitation, the distribution of the parties' separate property, and the equitable distribution of the marital estate.

On 2 October 1995, Husband filed a motion to alter or amend. The court amended the final decree by awarding Wife sole custody of the children. The court denied Husband's other requests. Finally, the court awarded Wife additional attorney's fees of $360.00. Thereafter, Wife

filed her notice of appeal and presented the following issues:

> 1.    Whether the trial court erred in setting child support at $1,060 per month based upon a monthly gross income of $4,600.
> 2.    The court erred in awarding wife rehabilitative alimony in the amount of $500 for a period of three years.
> 3.    The court erred in only awarding wife $3,000 out of $8,580 in attorney's fees.

Wife's first complaint is with the trial court's award of child support. The trial court found that Husband's gross monthly income was $4,600.00 and set child support at $1,060.00 per month. Wife argues that this finding is not supported by a preponderance of the evidence. We agree. A review of the record indicates the trial judge used the income figures for 1992 and 1993 to determine Husband's income. We are of the opinion that the court could have ascertained a more realistic income figure by averaging Husband's income over the last five years including 1995.

On remand, the trial court shall determine the amount of child support using an average of Husband's net income over the past five years including 1995. The court shall calculate Husband's net income according to Rule 1240-2-4-.03 of the Child Support Guidelines.

Wife's second issue concerns the trial court's award of rehabilitative alimony in the amount of $500.00 per month for three years. Wife's total gross income in 1994 was less than $8,000.00. Husband's income over the last five years clearly exceeded Wife's. It is Wife's desire to rehabilitate herself by becoming a school teacher. Because she only has a high school diploma, she would need at least four years of full-time attendance to obtain her degree. In order to meet the needs of the parties' children and maintain her present job, she wishes to attend college on a part-time basis. She estimated it would take her approximately six years to receive her degree.

The General Assembly adopted legislation providing "that a spouse who is economically disadvantaged, relative to the other spouse, be rehabilitated whenever possible by the granting of an order for payment of rehabilitative, temporary support and maintenance." Tenn. Code Ann. § 36-5-101(d)(1) (1996). The record is clear that Wife is economically disadvantaged compared to Husband. Moreover, it is clear that the trial court's award of $500.00 per month for three years will

not allow Wife to adequately rehabilitate herself.

Therefore, we are of the opinion that the trial court should award Wife rehabilitative alimony for a period of five years at the rate of $500.00 per month. Either party may petition the trial court for a change, either an increase or decrease, in time or amount of rehabilitative alimony if circumstances change.

Wife's final issue is "whether the court erred in awarding wife $3,000.00 out of $8,580.00 in attorney's fees." The allowance of attorney's fees to a spouse is largely within the discretion of the trial court. Absent an abuse of that discretion, this court will not interfere with the trial court's award. *Aaron v. Aaron*, 909 S.W.2d 408, 411 (Tenn. 1995). We fail to find an abuse of discretion on the part of the trial court. This issue is without merit.

Wife also requested that she be awarded her attorney's fees incurred as a result of this appeal. We are of the opinion that this request is well taken, and on remand, the trial court shall conduct a hearing to determine the amount of reasonable attorney's fees on appeal.

Therefore, the order of the trial court is reversed as to its award of child support and rehabilitative alimony and is affirmed in all other respects. The cause is remanded to the trial court for the entry of a decree in conformity with this opinion. Costs on appeal are taxed to plaintiff/appellee, David L. Adams.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE

-5-